IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| JOE COTTON FORD, INC. and PAMELA CONN, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR DAMAGES
AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff, Advanta-STAR Automotive Research Corporation of America ("Plaintiff Advanta-STAR"), by and through their undersigned counsel, and hereby complains of Defendants Joe Cotton Ford, Inc. ("Joe Cotton Ford") and Pamela Conn ("Ms. Conn"), (together, the "Defendants"), hereby alleging as follows:

**PARTIES**

1. Plaintiff Advanta-STAR is a Louisiana corporation with its registered office at 83337 Shepherd Lane, Folsom, Louisiana 70437. Its principal place of business is located in Folsom, Louisiana.

2. Defendant Joe Cotton Ford, Inc. is a Delaware corporation with its principal office located at 175 W. North Avenue, Carol Stream, Illinois 60188; therefore, its principal place of business is located in Carol Stream, Illinois.

-1-

3. Defendant Pamela Conn is an individual and officer of Joe Cotton Ford. Upon information and belief, Ms. Cotton is a citizen and resident of the State of Illinois, residing in St. Charles, Illinois.

## JURISDICTION AND VENUE

4. This action is for copyright infringement under 17 U.S.C. § 101 *et seq.* and violations of federal rules concerning the integrity of copyright information under 17 U.S.C. § 1202.

5. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has subject matter jurisdiction under 17 U.S.C. § 1203(a) (integrity of copyright management information statute) and 28 U.S.C. §§ 1331 (federal question), 1338 (copyright, trademarks and unfair competition), 1332 (diversity), and 1367 (supplemental jurisdiction).

7. This Court has jurisdiction over Joe Cotton Ford because Joe Cotton Ford has and maintains its principal place of business in this District and is a legal entity registered to do business under the laws of Illinois.

8. The Court has jurisdiction over Ms. Conn as she is a resident of this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

10. Plaintiff Advanta-STAR authors, publishes and sells detailed reviews and other information regarding automobiles and their features (the "Content"). Plaintiff Advanta-STAR has sold the Content in print form in the past, but now licenses the Content in digital form.

11. The Content is used by automobile dealerships to assist automobile sales people in explaining to customers the differences between various automobiles. The Content also helps dealerships enhance Search Engine Optimization (SEO) for dealership websites and increases the "time on site" for website visitors.

12. Plaintiff Advanta-STAR provides the Content exclusively to paid, licensed subscribers.

13. The Content is protected by U.S. copyrights, including registration numbers TX 8-760-791 and TX 8-760-983.

14. The Content prominently bears Plaintiff Advanta-STAR's notices of copyright.

15. Recently, representatives of Plaintiff Advanta-STAR conducted web searches using specific language from the Content.

16. A search for a unique string of text from the Content yielded direct hits for webpages of Joe Cotton Ford ("Infringing Webpages"). See Exhibit A, attached.

17. The initial search and subsequent searches revealed that Joe Cotton Ford's Infringing Webpages contained Plaintiff Advanta-STAR's vehicle comparisons for several models. The text and information on the Infringing Webpages was essentially identical to the copyrighted content of Plaintiff Advanta-STAR. Notably, the copyright notices and all identification of Plaintiff Advanta-STAR had been removed.

18. Upon information and belief, Ms. Conn is an owner of Joe Cotton Ford and is responsible for the content of its website.

19. The domain associated with the Infringing Webpages is *www.joecottonford.com*.

20. Defendants have used and/or are using the Content on the Infringing Webpages to educate their sales personnel, to provide information to their customers and prospective customers, and to drive traffic their websites, all with the goal of selling automobiles at their dealerships.

21. Defendants did not license the Content appearing on the Infringing Webpages, and Plaintiff Advanta-STAR has never authorized Defendants to make any copies of any Plaintiff Advanta-STAR materials. In addition, Plaintiff Advanta-STAR has never authorized Defendants to provide the Content to consumers or to publish such Content online.

22. Defendants have made the unlawful copies of the Content with full knowledge that such Content was owned by Plaintiff Advanta-STAR and subject to copyright protection.

23. Defendants also purposely removed Plaintiff-Advanta-STAR's copyright notices from the Content they copied. Accordingly, Defendants' infringement of the copyright in the Content was, unquestionably, willful.

**COUNT I**

COPYRIGHT INFRINGEMENT

24. Plaintiff Advanta-STAR incorporates and realleges the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff Advanta-STAR owns valid copyrights in the Content, and has obtained a copyright registration for the Content.

26. Joe Cotton Ford had access to the Content and has made or had made numerous infringing copies of the Content.

27. Joe Cotton Ford has published infringing copies of the Content online for viewing by the public at large, in total disregard of Plaintiff Advanta-STAR's rights.

28. Upon information and belief, as an owner of Joe Cotton Ford and the person responsible for the content of its website, Ms. Conn had the ability to supervise the infringing activity, had a financial interest in that activity, and/or personally participated in that activity. Accordingly, Ms. Conn is personally liable for the acts alleged in this Count I of the Complaint.

29. Defendants' conduct constitutes willful copyright infringement in violation of 17 U.S.C. § 501 and is irreparably harming Plaintiff.

30. Defendants are liable to Plaintiff Advanta-STAR for actual and/or statutory damages assigned from their infringement and all costs of this action, including reasonable attorneys' fees. In addition, Plaintiff Advanta-STAR is entitled to temporary, preliminary and permanent injunctive relief to prevent further harm.

WHEREFORE, Plaintiff prays for the following relief against Defendants and those acting in concert with them:

A. An order directing the immediate seizure of the infringing Content from the offices and computer systems of the Defendants, and otherwise, an order that the Defendants deliver up all physical and digital copies of the infringing Content for destruction, pursuant to 17 U.S.C. §503(a) and (b).

B. A preliminary and permanent injunction barring the Defendants, their agents, servants, employees and those persons in active concert or participation with the Defendants from using, copying, reproducing, distributing, or making derivative works of Plaintiff Advanta-STAR's Content, pursuant to 17 U.S.C. §502.

C. An award of either:

i. the profits of the Defendants attributable to the infringement, pursuant to 17 U.S.C. §504(b); or

      ii. statutory damages in an amount to be determined after final hearing, pursuant to 17 U.S.C. § 504(c)(2) and 15 U.S.C. § 1117(c)(2).

D.     An award of the costs of this action pursuant to 17 U.S.C. §505.

E.     An award of Plaintiff Advanta-STAR's reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

F.     An award of punitive damages.

G.     Any additional and further relief that the Court deems just and equitable.

## COUNT II

### VIOLATION OF 17 U.S.C. § 1202

31.     Plaintiff Advanta-STAR incorporates and realleges the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

32.     Joe Cotton Ford deleted all copyright information from the Content before publishing the Content on its website. This copyright information included copyright notices identifying Plaintiff Advanta-STAR as the owner of the Content.

33.     Joe Cotton Ford also published the de-identified Content on its website.

34.     Pursuant to 17 U.S.C. § 1202(a) and (b), Joe Cotton Ford intentionally provided and distributed copyright management information that is false; removed copyright management information; and distributed copyright management information and copies of the Content knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

35.     Joe Cotton Ford committed the above acts knowing, or having reasonable grounds to know, that its acts would induce, enable, facilitate, or conceal an infringement of Plaintiff Advanta-STAR's rights.

36. Upon information and belief, as an owner of Joe Cotton Ford and the person responsible for the content of its website, Ms. Conn had the ability to supervise the infringing activity, had a financial interest in that activity, and/or personally participated in that activity. Accordingly, Ms. Conn is personally liable for the acts alleged in this Count II of the Complaint.

37. Pursuant to 17 U.S.C. § 1203, Plaintiff Advanta-STAR is entitled to temporary, preliminary and permanent injunctive relief to restrain further violations of 17 U.S.C. § 1202; actual or statutory damages for each violation; the costs of this action; and the impounding, modification, and destruction of any device or product that is in the custody or control of Defendants that was involved in the violations.

WHEREFORE, Plaintiff prays for the following relief against Defendants and those acting in concert with them:

A. An award of all remedies available under 17 U.S.C. §505, 17 U.S.C. § 1203 and 15 U.S.C. § 117, including, without limitation, actual or statutory damages, costs and attorneys' fees, punitive damages, preliminary and permanent injunctive relief, and the impoundment, modification, and destruction of the devices involved in the violations described in this Complaint.

B. Any additional and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff Advanta-STAR hereby demands trial on all issues so triable pursuant to Fed. R. Civ. P. 38(b)(1).

[*Signature of Counsel Appears on the Following Page*]

Dated: February 3, 2020

        Respectfully submitted,

        **ADVANTA-STAR RESEARCH CORPORATION OF AMERICA**

By:    /s/ Edward J. Underhill

        Edward J. Underhill, Esq.
        Masuda, Funai, Eifert & Mitchell, Ltd.
        203 North LaSalle Street, Suite 2500
        Chicago, Illinois 60601-1262
        Telephone:  (312) 245-7500
        Facsimile:  (312) 245-7467
        *eunderhill@masudafunai.com*

        Stephen M. Dorvee, Esq.*
        Morgan E.M. Harrison Esq.*
        ARNALL GOLDEN GREGORY LLP
        171 17th Street, N.W.
        Suite 2100
        Atlanta, Georgia 30363
        Telephone: (404) 873-8500
        Facsimile: (404) 873-8501
        *stephen.dorvee@agg.com*
        *morgan.harrison@agg.com*

        *\* Motion for Admission Pro Hac Vice forthcoming*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: _____

Date: _January 28, 2020_

14446504v2