IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOE COTTON FORD, INC. and PAMELA CONN,<br><br>　　　　Defendants. | No. 20 C 764<br><br>Magistrate Judge M. David Weisman |

**MEMORANDUM OPINION AND ORDER**

In its second amended complaint, plaintiff alleges that it has copyrights in compilations of various vehicle comparisons, some of which defendants used without its permission. (ECF 50 ¶¶ 17-18.) The material attached to the complaint suggests that the comparisons defendants used were between the Ford F-150 and similar vehicles. (*Id.*, Ex. B.) Plaintiff does not allege how long defendants used the copyrighted material, though it says it discovered the infringement around August 28, 2019.[1] (*Id.* ¶ 18.)

Plaintiff seeks to compel defendants to produce certain financial information that plaintiff says is necessary for its damages claim. With respect to damages, the copyright statute states:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b). "In meeting the initial burden of showing the infringer's 'gross profits,' however, a copyright holder must show more than the infringer's total gross revenue from all of its profit streams. As all courts to have considered the matter have concluded, the relevant profits must be reasonably related to the infringement." *Francois v. Ruch*, No. 03-1419, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) ("It was not enough to show Meirick's gross revenues from the sale of everything he sold, which

---

[1] Defendants say the second amended complaint alleges an infringement period of five months. (ECF 95 at 2 (citing ECF 50 ¶¶ 18-20).) Those paragraphs do not, however, identify an infringement period.

is all, really, that Taylor did. If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits."); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003) ("A copyright owner's entitlement to recover an accused infringer's profit, if warranted, is limited to profits flowing from the infringing activities.").

Plaintiff served defendants with a number of discovery requests related to damages. In interrogatory 17, plaintiff asks defendants to "describe, in complete detail, [their] sales volume, income, and/or gross revenues from sales since August 1, 2018." (ECF 88-2 ¶ 17.) In request for production ("RFP") 20, plaintiff asks defendants to "produce all documents reflecting [their] sales volume, income, and/or profit from sales during the period that the Content was on [their] website or otherwise in [their] possession." (ECF 88-4 ¶ 20.) Defendants objected to both requests as, among other things, being overly broad, but agreed to produce sales data from 2018 and 2019 regarding the Ford F-150. (*Id.*) Plaintiff argues that defendants' responses are insufficient, but it offers no authority to support its view that defendants' use in 2019 of plaintiff's Ford F-150 material permits plaintiff to recover as damages defendants' profits from all vehicle sales they made over a five-year period. Thus, the Court sustains defendant's objections to these requests.

In interrogatory 23, plaintiff asks defendants to "identify which Ford model accounts for [their] largest revenue and sales volume each year since January 1, 2018 and describe what percentage of [their] total revenue the sales and services of the identified model accounts for each year since January 1, 2018." (ECF 88-2 ¶ 23.) Defendants again lodged an overbreadth objection, and without waiving these objections, answered that the Ford F-150 and Ford Escape made up the largest sales volume "during the relevant period." (*Id.*) For the reasons explained above, as to interrogatory 17, the Court sustains defendant's objections as to the remainder of the interrogatory.

Plaintiff's RFP 21 asks defendants to produce "all documents that relate to or evidence any benefits you gained from use of the [copyrighted] Content." (ECF 88-4 ¶ 21.) Defendants lodged a number of objections but ultimately answered, "none." (*Id.*) The Court understands that plaintiff may be dissatisfied with this answer, but it "cannot compel a party to produce that which it does not have." *McConchie v. Scholz*, No. 21-CV-3091, 2021 WL 4538491, at *7 (N.D. Ill. Aug. 21, 2021). Thus, plaintiff's motion with respect to RFP 21 is denied.

**SO ORDERED.**                   **ENTERED:  October 18, 2022**

**M. David Weisman**
**United States Magistrate Judge**